**NICHOLAS & TOMASEVIC, LLP**
    Craig M. Nicholas (SBN 178444)
    Alex Tomasevic (SBN 245598)
    Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

Attorneys for ANTONIA CERVANTES,
RAQUEL FLORES, and RONNIE VIRISSIMO,
on behalf of themselves and all others similarly situated

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA CERVANTES, RAQUEL FLORES, and RONNIE VIRISSIMO, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VOORTMAN COOKIES LTD, a Canadian Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:  3:19-cv-00700-H-BGS<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) FAILURE TO REIMBURSE EXPENSES [LAB. CODE, § 2802];**<br><br>**(2) FAILURE TO PAY WAGES FOR NON-PRODUCTIVE TIME [LAB. CODE, §226.2]**<br><br>**(3) UNLAWFUL DEDUCTIONS FROM WAGES [LAB. CODE, §§ 221-223];**<br><br>**(4) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS [LAB. CODE, § 226];**<br><br>**(5) FAILURE TO PAY OVERTIME [LAB. CODE, § 510];**<br><br>**(6) FAILURE TO PROVIDE MEAL PERIODS [LAB. CODE, § 226.7]**<br><br>**(7) FAILURE TO PROVIDE REST BREAKS [LAB. CODE, § 226.7]**<br><br>**(8) FAILURE TO TIMELY PAY WAGES WHEN DUE [LAB. CODE, §§ 201-204];**<br><br>**(9) UNFAIR BUSINESS PRACTICES [BUS. & PROF. CODE, § 17200 *ET SEQ.*]** |

**(10) ENFORCEMENT OF THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT [LAB. CODE, §§ 2698 *ET SEQ.*]**

**DEMAND FOR JURY TRIAL**

ANTONIA CERVANTES, RAQUEL FLORES, and RONNIE VIRISSIMO, individuals ("Ms. Cervantes," "Ms. Flores," and "Mr. Virissimo," collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Defendant VOORTMAN COOKIES LTD., a Canadian corporation ("Voortman" or "Defendant"), and DOES 1 through 100, inclusive, and alleges on information and belief the following:

**INTRODUCTION**

1.    Voortman manufactures and distributes cookies and other baked goods to retail locations across North America, including California. To keep its profits high at the expense of hard-working Californians, Voortman misclassifies its distributor employees, like Plaintiffs, as "independent contractors."

2.    Using its carefully-constructed take-it-or-leave-it "independent contractor" Agreement, Voortman obtains the labor of distributor employees to carry out necessary services within its California territories. Plaintiffs and their colleagues perform on-site promotion and marketing, sales, delivery, and customer service for Voortman under Voortman's strict supervision and control. By refusing to recognize these workers as employees, Voortman cheats these individuals out of protections provided by California law such as minimum wages, overtime pay, breaks, and reimbursement of business expenses. Voortman's misclassification also robs the State of important employee tax revenue and gives Voortman an unfair advantage over law-abiding competitors who bear the necessary expense associated with employing similar workers.

3.    This Class Action seeks recovery for violations of California's Labor Code, Industrial Welfare Commission Wage Orders ("Wage Orders"), and Unfair

Competition Law on behalf of Plaintiffs and similarly situated distributor employees in California.

## JURISDICTION & VENUE

4.     Voortman removed this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. It did so on the grounds that, when the initial Complaint was filed and presently, complete diversity of citizenship exists between Plaintiffs and Voortman, and because the amount in controversy exceeds the jurisdictional minimum.

## PARTIES

5.     Ms. Cervantes is a resident of California.  She has worked as a distributor employee for Voortman in California since around November 2012 through the present.  Her distribution territory is the South Bay portion of Los Angeles County.

6.     Ms. Flores is a resident of California. She has worked as a distributor employee for Voortman in California since around April 2012 through the present. Her distribution territory is inland Orange County.

7.     Mr. Virissimo is a resident of California.  He has worked as a distributor employee for Voortman in California since around 2014 through the present.  His distribution territory is San Diego County, south of Interstate Highway 8.

8.     Voortman is a Canadian Corporation with its principal place of business in Burlington, Ontario, Canada.  On information and belief, Voortman is authorized to carry out and does carry out significant business in this County and is subject to "long-arm" jurisdiction in this County.   Defendant contracts with and employs misclassified "independent contractor" distributor employees who work and reside in this County and are members of the proposed Class. (defined below).

9.     Plaintiffs do not know the true names and/or capacities, whether individual, partners, or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason sues said Defendants under fictitious names.

Plaintiffs will seek leave to amend this Complaint when the true names and capacities of these Defendants have been ascertained.  Plaintiffs are informed and believe and thereon allege that these Defendants are responsible in whole or in part for Plaintiffs' damages.

10.    At all times mentioned, Defendants were the agents, alter egos, servants, joint venturers, joint employers, or employees for each other.  Defendants acted with the consent of the other Co-Defendants and acted within the course, purpose, and scope of their agency, service, or employment.   All conduct was ratified by Defendants, and each of them.

## GENERAL ALLEGATIONS

### A.    Voortman's Business Model

11.    Voortman makes and distributes cookies and other baked goods ("Products") across North America, including California.  Voortman uses distributor employees to deliver its Products to its customers.  Voortman calls its distributor employees "independent contractors" pursuant to a take-it-or-leave-it Independent Distributor Agreement ("Distributor Agreement") it makes them sign.  The Distributor Agreement purportedly grants distributor employees the exclusive right to sell Products to specific retail stores in designated "territories" and the non-exclusive right to sell Products to other stores existing within the geographic area of the territory.

### B.    Voortman Misclassifies Distributors

12.    Despite the "independent contractor" classification set out in Voortman's standard Distributor Agreement, distributors are employees under California law.  As detailed below, Voortman controls distributors' wages, hours, and working conditions; it engages distributors by exercising nearly unlimited contractual and practical control over distributors' jobs; and Voortman suffers or permits distributors to work within its usual course of business.

13.    Voortman strictly controls and regulates its distributors both expressly in the Distributor Agreement and in actual operation.  Distributors must follow the terms

of Voortman's onerous Distributor Agreement along with constant directives from Voortman and its District Sales Managers. Under these requirements, distributors make customer deliveries, implement Voortman's marketing and sales programs, submit their purchase orders to Voortman for comment, adjust purchase orders based on Voortman's "suggestions," perform ongoing post-purchase inventory audits, permit inspections of their displayed/stored inventory by District Managers, and lease/purchase expensive Voortman software to track Products, among other things. Failure to do any of the above means discipline up to and including the forced sale of a distributor employee's territory (i.e. termination).

14.    Voortman controls the relationship with and work by the distributor employees just like any boss would control any employee. The distributor employees are by no means "independent" purchasers and re-sellers of Voortman products, as Voortman would have you believe.

15.    Examples of this abound. For instance, on October 15, 2018, Voortman issued a directive to California District Sales Managers highlighting the practice of forcing distributor employees to take on unwanted Products. Voortman offered a step-by-step process on how to "convince" distributor employees to take seasonal holiday Products, which Voortman desired to offload from its Canadian headquarters. The memo provides talking points on how District Managers are to force orders and deal with anticipated distributor pushback. A true and correct copy of this memorandum is attached as **Exhibit A**.

16.    If distributors refused the "suggested" orders, the District Managers were to inform the distributor that "he is in breach of his agreement by way of not ordering a sufficient/reasonable quantity to meet the expectations and requirements of customers based on the planned activities." If the distributor objected further, the District Manager was to inform the distributer that a "modest and reasonable" amount needed to be added to their order to meet customer expectations. If the distributor capitulated to Voortman's demand and received the adjusted order, the distributor's

1   breach would be declared "cured" and distributors would remain in Voortman's good
2   graces.

3         17.    However, if the distributor refused even a portion of the "suggested"
4   order, the Voortman delivery driver was instructed to move all Products – even the
5   ones the distributor employee wanted – to a "secondary storage location," where the
6   distributor would be left without their legitimate order.  The District Manager was
7   then instructed to inform the distributor that they "will then be shut down and
8   [Voortman] will begin the process of terminating the Independent Distributor
9   Agreement."  In turn, Voortman would "begin the process of posting the Route for
10  sale and recruiting a Temp for short term support to run the Route." In short, Voortman
11  tells distributor employees, including Plaintiffs, to take what Products Voortman
12  wants them to take, in the amount Voortman wants, when Voortman wants, at the
13  price Voortman demands – or the supposedly "independent" distributor will be
14  terminated.

15        18.    Ms. Flores and several other distributors were subjected to the above-
16  described process.  Ms. Flores tried to refuse the "suggested" amount of seasonal
17  cases.  However, the District Manager told Ms. Flores she would be terminated.
18  Because Ms. Flores felt like she had no other choice, she reluctantly accepted the
19  excess Products.  Ms. Flores is still in possession of the unwanted Products and will
20  have to write Voortman a check for them, all despite never wanting the Products in
21  the first place.  This level of control is commonplace and permeates the relationship
22  between Voortman and its "independent" distributors.

23        19.    Distributor employees work full-time to diligently promote, market, and
24  sell Voortman's products and Voortman's customer base.  But Voortman controls how
25  distributor employees do so, and thus, controls their pay.

26        20.    For example, Voortman controls both the list of customers distributors
27  must service and the customers that may be added to a distributor's territory.  If there
28  is a dispute concerning the status (designation) of certain customers, channels of trade,

or geographic area, Voortman's decision is final and binding on distributors. Voortman also controls the price of the products and therefore the distributors' income which is based on a percent of the customer sales price.

21.    Voortman mandates training to ensure adherence to Voortman's customer service guidelines and other standards.   During this training, Voortman evaluates and coaches Distributors on sales, collections, required product knowledge, product display, time management, and their business administration skills, among other things.   Distributors also receive constant oversight and management from District/Regional Sales Managers regarding how they can do their jobs and sell more Products.

22.    Voortman also broadly reserves the right to terminate distributors. For example, Voortman reserves the right to terminate a distributor for any "just cause as may arise from time to time," including, as detailed above, for failing to accept the "suggested" number of Products.

23.    The Voortman Distributor Agreements have no specified end date and distributors work for Voortman for long periods of time, as evidenced by each of the named Plaintiffs' multi-year tenures.

24.    Distributor employees are integral to Voortman's "usual business operation" – the baking, sale, and distribution of cookies and other goods to retail stores.   Voortman's thinly veiled attempt to create a "business-to-business" relationship with distributors who supposedly buy and resell products to "their own" retail customers is a sham. The reality is that Voortman enters into and controls the contracts with the big-retail customers and then employs the distributors to facilitate that sale by placing orders, delivering products, and maintaining inventory.

### C.    Voortman's Illegal Deductions and Failure to Reimburse

25.    Unilaterally deeming distributor employees as "independent contractors" gives Voortman a potential excuse to do a number of things to skirt California law and benefit itself financially.   First, Voortman forces distributor employees to pay for the

FIRST AMENDED COMPLAINT

right to work for Voortman. This includes, but is not limited to, paying an "initial fee" upon being assigned to a specific territory, paying for the cost of attending required training, and paying for software necessary to purchase/track Products.

26. Distributors also shoulder many other unreimbursed business expenses for Voortman including, but not limited to, fuel/mileage, travel, meals, clothing, uniforms, advertising, marketing, vehicle expenses, and health insurance.

**D.    Voortman's Other Violations of California Labor Law**

27. Voortman has no meal or rest break policies and does not pay distributors for these breaks, to the extent they even occur. To make matters worse, Voortman fails to pay overtime despite its distributor employees routinely working more than 8 hours in a day and 40 hours in a week. Voortman also does not provide itemized wage statements and does not compensate for unproductive time.

## CLASS ALLEGATIONS

28. Pursuant to Code of Civil Procedure, section 382, Plaintiffs bring this lawsuit as a class action on behalf of themselves and all other similarly situated workers, as defined below. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of class actions.

29. **Class Period.** The Class Period shall be defined as: from four years preceding the date that the first Complaint in this action is filed, until the full resolution of this action, plus any time that may be attributed to equitable or other forms of tolling.

30. **Class Definition.** Plaintiffs seek to represent the following class of persons:

> All individuals who, during the Class Period, worked as a "Distributor," or other similar position, for Voortman in California and who were not classified as employees.

31. The Class does not include Defendant, its officers, and/or its directors; the Judge to whom this case is assigned; or the Judge's immediate family or staff.

32.    Plaintiffs reserve the right to amend the above Class and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability, among other reasons.

33.    **Numerosity.** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable.  While the precise number of class members has not been determined, Plaintiffs are informed and believe that there are in excess of 50 individuals meeting the class definition.  Defendant has access to data necessary to identify the members of the Class.

34.    **Adequacy of Representation.** The named Plaintiffs are fully prepared to take all necessary steps to fairly and adequately represent the interests of the Class defined above. Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the Class and individual Plaintiffs. Plaintiffs' attorneys are highly experienced in employment Class action litigation. Plaintiffs intend to prosecute this action vigorously.

35.    **Common Questions of Law and Fact.** There are predominant common questions and answers of law and fact and a community of interest amongst Plaintiffs and the claims of each Class as follows:

      a.    Whether Defendant misclassified distributors as "independent contractors" instead of employees;

      b.    Whether Defendant failed to reimburse distributors for expenses;

      c.    Whether Defendant made illegal deductions from distributors earnings;

      d.    Whether Defendant properly provided meal and rest breaks to distributors;

      e.    Whether Defendant paid distributors all wages when due;

      f.    Whether Defendant provided proper wage statements to distributors;

g.    Whether Defendant failed to properly pay distributors overtime; and

h.    Whether Defendants engaged in an unlawful, unfair, and/or fraudulent business practice or act in violation of Business and Professions Code, section 17200 *et seq.* as it relates to distributors.

36.    **Typicality.** The claims of Plaintiffs are typical of the claims of all members of the Class because Defendant applied and continues to apply its illegal classification and pay practices uniformly to all distributors.

37.    **Superiority of a Class Action.** A Class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all members of the Class is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendant's conduct described in this Complaint.  A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judiciary.  Plaintiff is unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a Class action.

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**Failure to Reimburse Expenses—Lab. Code, § 2802 and Wage Orders**
**By Plaintiffs on Behalf of Themselves and the Class**
**Against Voortman and DOES 1-100**

38.    Plaintiffs incorporate by reference every allegation contained above.

39.    Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

40.    Plaintiffs and the Class incurred business expenses on Voortman's behalf including territory fees, fuel/mileage, travel, meals, clothing, uniforms, advertising, marketing, vehicle, and health insurance.  They were never reimbursed because they were misclassified as independent contractors under Voortman's uniform Independent Distributor Agreement.

41. California Labor Code, section 2802, and California's Wage Orders require that employers reimburse employees for business expenses reasonably incurred. Defendant failed to do so.

42. Plaintiffs and the Class, therefore, have been damaged by Voortman's failures in this respect in an amount to be proven at trial.

43. Plaintiffs and the Class are entitled to recover their damages, penalties, interest, costs, and attorneys' fees based on Voortman's violations.

**SECOND CAUSE OF ACTION**
**Failure to Pay Wages for Nonproductive Time—**
**Lab. Code, § 226 and Wage Orders**
**By Plaintiffs on Behalf of Themselves and the Class**
**Against Voortman and DOES 1-100**

44. Plaintiffs incorporate by reference every allegation contained above.

45. Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

46. Because distributors receive compensation for each Product delivered to a retail store and sold to an end customer, they are "piece rate" employees. Piece rate compensation is work paid for according to the number of units turned out. It must be based upon an ascertainable figure paid for completing a task. (*See* DLSE Manual, § 2.5.1.) Time during which an employee is at work but not engaged in completing a piece rate task is called non-productive time. During non-productive time, piece rate earnings are "reduced because they [i.e. piece rate earnings] are precluded", thus "the employee must be paid at least the minimum wage (or contract hourly rate if one exists) for the [non-productive] time." (DLSE Manual, § 47.1.)

47. California law requires Defendant to compensate Plaintiffs and the Class members for each hour worked, including all nonproductive time, and mandated rest periods. This is a separate obligation from paying piece rate compensation. See Cal. Lab. Code sections 1194, 1197, 226.2, and applicable Wage Orders.

48. Defendants did not separately compensate Plaintiffs and the Class Members for rest periods or other nonproductive time as required. The uncompensated

nonproductive time here includes but is not limited to, rest and recovery periods, waiting for Voortman deliveries, waiting for approval from retailers to stock and display Products, traveling to and from different retailers, attending Voortman meetings, managing returned and stale products, completing paperwork, and communicating with District Managers.

49.    As a proximate result of Defendant's unlawful conduct, Plaintiffs and the Class are entitled to recover their damages, penalties, interest, costs, and attorneys' fees based on Voortman's violations.

### THIRD CAUSE OF ACTION
**Unlawful Deductions from Wages—Lab. Code, §§ 221-223 and Wage Orders**
**By Plaintiffs on Behalf of Themselves and the Class**
**Against Voortman and DOES 1-100**

50.    Plaintiffs incorporate each and every allegation contained above.

51.    Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

52.    Under Labor Code, section 221, it is "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." This protection extends to deductions for mistakes in employees' work or other non-malicious conduct. The IWC Wage Orders further provide that the only circumstances under which an employer can make a deduction from an employee's wage are due to cash shortage, breakage, or loss of equipment if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.  None of these circumstances apply here.

53.    Despite this, Voortman made and continues to make numerous deductions from the wages of their misclassified distributors.  Defendant, for example, unlawfully deducts money for territory fees, software fees, training, stale/unsold product, and other expenses that should have been borne by Voortman.

54.    Plaintiffs and the Class are entitled to recover their damages, penalties, interest, costs, and attorneys' fees based on Voortman's violations.

### FOURTH CAUSE OF ACTION
**Failure to Provide Accurate Wage Statements—
Lab. Code, § 226 and Wage Orders
By Plaintiffs on Behalf of Themselves and the Class
Against Voortman and DOES 1-100**

55.    Plaintiffs incorporate by reference every allegation contained above.

56.    Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

57.    California Labor Code Section 226 and California Wage Orders require employers to regularly provide employees with itemized wage statements. The purpose of section 226 is to ensure the employees can determine whether they are being paid their wages in accordance with California law. Under Section 226(h), "[a]n employee may [] bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees."

58.    Voortman violated California law in this regard by, among other things, failing to provide distributor employees, including Plaintiffs, accurate gross and net wages earned, and hours worked on a regular and compliant paystub.

59.    Voortman's violations of Section 226, and applicable Wage Orders are ongoing and will continue until and unless this Court enters an injunction barring such violations.  Therefore, Plaintiffs seek damages and injunctive relief pursuant to Labor Code, section 226, subsections (e) and (g), along with penalties for past violations, including attorneys' fees and costs incurred.

### FIFTH CAUSE OF ACTION
**Failure to Pay Overtime—Lab. Code, § 510 and Wage Orders
By Plaintiffs on Behalf of Themselves and the Class
Against Voortman and DOES 1-100**

60.    Plaintiffs incorporate by reference every allegation contained above.

61.    Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

62.    Labor Code, section 510, and California Wage Orders require overtime pay of at least 1.5 times an employee's regular rate of pay for all hours worked over 8 in a day or 40 in a week.

63.    Distributors work well over 8 hours, five days per week, and well over 40 hours per week to complete the work assigned to them by Voortman. Despite this, they receive no overtime pay in violation of California law.

64.    There is no exemption to the overtime laws applicable to distributors. For example, once properly allocated, distributors spend less than half of their time on sales-related activities as defined by applicable California law. And distributors are not bonafide "executive" or "administrative" employees that might otherwise be exempt. In short, distributors are not and never have been exempt from overtime pay.

65.    Voortman is thus liable to the Class for unpaid overtime, interest, reasonable attorney's fees and costs, and any related statutory penalties.

### SIXTH CAUSE OF ACTION
**Failure to Provide Meal Periods—Lab. Code § 226.7 and Wage Orders**
**By Plaintiffs on Behalf of Themselves and the Class**
**Against Voortman and DOES 1-100**

66.    Plaintiffs incorporate by reference every allegation contained above.

67.    Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

68.    Under Labor Code, sections 226.7 and 512, as well as applicable IWC Wage Orders, employers must provide a 30-minute uninterrupted, off-duty meal period for each work shift of more than five hours. Where an adequate meal period is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

69.    Plaintiffs and their fellow class members routinely worked shifts of more than five hours. Yet Voortman does not provide and has never provided for meal breaks for them and provides no compensation in lieu of these breaks as required by law. And distributors have not otherwise waived their entitlement to meal breaks.

1   70.   As a proximate result of Defendant's unlawful conduct, the Class

2   sustained damages and are entitled to recover unpaid wages, interest, applicable

3   penalties, attorneys' fees, and costs.

4   **SEVENTH CAUSE OF ACTION**

5   **Failure to Provide Rest Breaks—Lab. Code, § 226.7 and Wage Orders**
   **By Plaintiffs on Behalf of Themselves and the Class**
   **Against Voortman and DOES 1-100**

6

7   71.   Plaintiffs incorporate by reference every allegation contained above.

8   72.   Plaintiffs bring this cause of action as a Class action on behalf of

9   themselves and the Class.

10   73.   Pursuant to Labor Code, section 226.7, as well as applicable IWC Wage

11   Orders, employers must provide a 10-minute uninterrupted, off-duty rest break for

12   each work shift of 3.5 hours or more.  During these periods, an employer must relieve

13   the employee of all duties and relinquish all control over how an employee spends

14   his/her time. Where a rest break is not provided, employees are entitled to one hour's

15   compensation at their regular rate of pay.

16   74.   Plaintiffs and their fellow class members routinely worked shifts of 3.5

17   hours or more.  Yet Voortman failed to provide for rest breaks or pay distributors for

18   rest breaks if taken. Voortman also failed to pay compensation in lieu of these paid

19   breaks.

20   75.   As a proximate result of Defendant's unlawful conduct, the Class

21   sustained damages and are entitled to recover unpaid wages, interest, applicable

22   penalties, attorneys' fees, and costs.

23   **EIGHTH CAUSE OF ACTION**

24   **Failure to Timely Pay Wages When Due—Lab. Code, §§201-204**
   **By Plaintiffs on Behalf of Themselves and the Class**
   **Against Voortman and DOES 1-100**

25

26   76.   Plaintiffs incorporate by reference every allegation contained above.

27   77.   Plaintiffs bring this cause of action as a Class action on behalf of

28   themselves and the Class.

78.     Voortman failed to pay all wages due, including the above-mentioned missing regular and overtime wages that were improperly deducted from, and that were never reimbursed.   Voortman has also failed to timely pay wages due in exchange for rest breaks, rest breaks that were never afforded, and meal periods that were never afforded.  Voortman failed to pay said wages in a timely fashion, i.e. by at least the 26th of the month for wages earned between the 1st and 15th days of the month, or by the 10th day of the following month for any wages earned thereafter. (*See* Cal. Labor Code, § 204.)

79.     Voortman also failed to timely pay these wages upon separation of employment as required by Labor Code sections 201 through 203.

80.     Voortman's actions in this respect were willful within the meaning of Labor Code, section 203.

81.     As such, Plaintiffs and the Class are entitled to recover damages according to proof at trial including, where applicable, unpaid wages, applicable penalties (including waiting time penalties), as well as interest, attorneys' fees, and costs.

## NINTH CAUSE OF ACTION
**Unfair Competition—Bus. & Prof. Code, § 17200 *et seq.***
**By Plaintiffs on Behalf of Themselves and the Class**
**Against Voortman and DOES 1-100**

82.     Plaintiffs incorporate by reference every allegation contained above.

83.     California's Unfair Competition Laws – Bus. & Prof. Code Sections 17200, *et seq.* – broadly prohibit unlawful, unfair, and deceptive business practices.

84.     Voortman knowingly and willfully engaged in unlawful practices as described above, which include but are not limited to:

a.     Intentionally misclassifying its distributor employees as "independent contractors;"

b.   Illegally shifting its business operative expenses to the Class and illegally deducting wages from them in violation of Labor Code, sections 221 and 2802;

c.   Failing to pay overtime to distributor employees;

d.   Failing to provide adequate meal and rest breaks to distributors;

e.   Failing to pay distributors all wages due and in a timely manner, including upon separation from employment; and

f.   Failing to provide accurate pay statements to distributors in violation of Labor Code, section 226.

85.   Voortman intended to, and did, profit from these illegal acts.

86.   As a direct and proximate result of the above, Plaintiffs and the Class have lost money or property, thereby entitling these individuals to restitution. Plaintiffs and the Class are entitled to restitution of money or property acquired by Defendant by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

87.   Voortman's acts of unfair competition continue to this day unabated. Pursuant to the Business and Professions Code, the Class and the public are therefore also entitled to injunctive relief against Voortman's ongoing continuation of such unlawful business practices, including public injunctive relief.

88.   If Voortman is not enjoined from engaging in the unfair competition, including the unlawful business practices described above, Plaintiffs and their fellow Class members, and the public will be irreparably injured. The exact extent, nature, and amount of such injury is difficult to ascertain now.

89.   The Class, including Ms. Cervantes, Ms. Flores, Mr. Virissimo, have no plain, speedy, and adequate remedy at law.  Furthermore, the success of Plaintiffs in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the public.

90.     Private enforcement of these rights is necessary as no public agency has pursued enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action. Plaintiffs are therefore entitled to an award of attorneys' fees and costs of suit under the "common fund," "substantial benefit," and other important doctrines.

### TENTH CAUSE OF ACTION
**Enforcement of California Private Attorneys General Act— Lab. Code, §§2698 *et seq.*
By Plaintiffs on Behalf of Themselves and the Class
Against Voortman and DOES 1-100**

91.     Plaintiffs incorporate by reference every allegation contained above.

92.     The California Private Attorneys General Act ("PAGA") permits aggrieved employees, like Plaintiffs, to recover civil penalties for violations of numerous Labor Code sections. *See* Cal. Lab. Code, § 2699.5.

93.     Defendants' conduct, as alleged above, violates numerous sections of the California Labor Code, including, but not limited to, the following:

a.     California Labor Code sections 1182, 1194, 1194.2, and 1197, for failure to pay for all hours worked and all wages earned;

b.     California Labor Code section 226.2 for failure to pay piece rate employees separately for nonproductive time and rest breaks;

c.     California Labor Code sections 226.7 and 512 for failure to provide adequate meal and rest breaks;

d.     California Labor Code section 510 for failure to provide overtime compensation;

e.     California Labor Code sections 221, 223, and 224 for making illegal deductions from wages;

f.     California Labor Code sections 201, 202, 203, and 204, for failure to timely pay Plaintiffs and other aggrieved employees all earned wages;

g.    California Labor Code section 226, for failure to provide accurate wage statements to Plaintiffs and other aggrieved employees;

h.    California Labor Code section 2802, for failure to reimburse for reasonable and necessary business expenses.

94.    Plaintiffs complied with all administrative requirements and pre-conditions contained within California Labor Code section 2699.3.  Plaintiffs' counsel submitted notice to the PAGA Administrator, with a copy to Voortman, on March 18, 2019.  The California Labor and Workforce Development Agency confirmed notice on the same day and assigned it LWDA Case No. CM-676810-19.  The deadline for the PAGA Administrator to respond ran on May 17, 2019.  Plaintiffs received no response.

95.    Pursuant to PAGA and, in particular, California Labor Code sections 2699, 2699.3, and 2699.5, Plaintiffs are entitled to and hereby seek to recover civil penalties against Voortman, in addition to reasonable attorney fees and costs, on behalf of themselves and all other similarly-aggrieved current and former employees of Voortman.

## **REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury.

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Defendants, as follows:

1.    For an order certifying the Class as described herein, appointing Plaintiffs as class representatives, and their counsel as class counsel;

2.    For compensatory damages according to proof;

3.    For enhanced damages, liquidated damages, and penalties as permitted under prevailing law;

4.    For pre-judgment and post-judgment interest where allowable;

5.    For costs of suit;

6.      For injunctive relief, including public injunctive relief, as described herein;

7.      For restitution as described herein;

8.      For civil penalties under PAGA;

9.      For punitive damages, where appropriate;

10.     For reasonable attorneys' fees and costs; and

11.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted:

Dated:  May 20, 2019                    **NICHOLAS & TOMASEVIC, LLP**


                                By:     */s/ Jake W. Schulte*
                                        Craig M. Nicholas (SBN 178444)
                                        Alex Tomasevic (SBN 245598)
                                        Jake Schulte (SBN 293777)
                                        225 Broadway, 19th Floor
                                        San Diego, CA 92101
                                        Telephone: (619) 325-0492
                                        Facsimile: (619) 325-0496
                                        Email: cnicholas@nicholaslaw.org
                                        Email: atomasevic@nicholaslaw.org
                                        Email: jschulte@nicholaslaw.org

                                        *Attorneys for Plaintiffs*