# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA CERVANTES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VOORTMAN COOKIES LTD.,<br><br>    Defendant. | Case No.: 3:19-cv-00700-H-BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS**<br><br>**[Doc. No. 18]** |

On May 31, 2019, Defendant Voortman Cookies Limited filed a motion to compel arbitration, stay proceedings, and dismiss class claims. (Doc. No. 18.) Plaintiffs filed their opposition on July 8, 2019. (Doc. No. 21.) Defendant filed its reply on July 15, 2019. (Doc. No. 22.) With the Court's leave, Plaintiffs filed a sur-reply on July 25, 2019. (Doc. No. 26.) For the following reasons, the Court grants Defendant's motion.

/ / /

/ / /

/ / /

## BACKGROUND

This dispute involves whether Plaintiffs were correctly categorized under California law by Defendant as independent contractors rather than as employees. (See Doc. No. 14.) Defendant is a Canadian corporation that manufactures and distributes baked goods to retail locations in North America, including in California. (Id. ¶¶ 1, 8.) Defendant uses distributors to deliver its products to customers. (Id. ¶ 11.) Defendant requires that its distributors sign its Independent Distributor Agreement (the "Agreement") in which it categorizes its distributors as independent contractors. (Id. ¶ 2.) Plaintiffs are California residents who work as distributors for Defendant. (Id. ¶¶ 5–7.) Plaintiffs allege that they should be categorized as employees rather than independent contractors due to the extent of control Defendant exerts over its distributors. (Id. ¶¶ 12–24.) Plaintiffs allege that numerous California law violations arise out of this miscategorization. (Id. ¶¶ 25–27.) Accordingly, Plaintiffs brought the present complaint alleging violations of California law on behalf of themselves and a class of other individuals who worked as distributors during the relevant time period. (Id.)

In response to Plaintiffs' complaint, Defendant filed a motion to compel arbitration, stay proceedings, and dismiss class claims premised on the dispute resolution clause of the Agreement. (Doc. No. 18.) Plaintiffs in this case agreed to either of two versions of the Agreement. First, the 2012 Agreement states:

> It is the responsibility of the Voortman Consignee/Distributor to settle by arbitration any dispute between Voortman Cookies Limited and the Voortman Consignee/Distributor with an American Arbitration Association Office in a city nearest the territory of the Voortman Consignee/Distributor. All disputes between Voortman Cookies Limited and the Voortman Consignee/Distributor will be settled by arbitration including any and all disputes relating to this agreement and the enforceability of any or all of its provisions.

(Doc. No. 22-1 at 18.) The 2012 Agreement was signed by Flores and Cervantes. (Doc. No. 18-3 at 22, 24.) Second, the 2014 Agreement has an identical arbitration provision. (Id. at 20.) Virissimo signed the 2014 Agreement. (Id. at 23.) Neither the 2012 Agreement or 2014 Agreement expressly permits class-wide arbitration. (See id. at 8–20; Doc. No. 22-1

at 6–18.) There is also a 2018 Agreement, which was signed by other members of the proposed class. (Doc. No. 18-3 at 4.) The 2018 Agreement includes an expanded arbitration provision and expressly prohibits class-wide arbitration. (Id. at 44–48.)

# DISCUSSION

## I. Legal Standard

The Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. Id.

A party moving to compel arbitration must show, by a preponderance of the evidence, "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015) (citation omitted); see Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014). If the Court finds that these elements are satisfied, then the Court must compel arbitration. See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).

If there is a genuine dispute of material fact as the existence of a valid arbitration agreement or as to the agreement's applicability to the instant dispute, a district court should apply a "standard similar to the summary judgment standard of [Federal Rule of Civil Procedure 56]." Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004) (citation omitted). Thus, "[o]nly when there is no genuine issue of material fact concerning the formation of an arbitration agreement should a court decide as a matter of law that the parties did or did not enter into such an agreement." Id. (quoting Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1141 (9th Cir. 1991)). "The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the

opposing party the benefit of all reasonable doubts and inferences that may arise." Three Valleys, 925 F.2d at 1141 (citation omitted). "While the Court may not review the merits of the underlying case '[i]n deciding a motion to compel arbitration, [it] may consider the pleadings, documents of uncontested validity, and affidavits submitted by either party.'" Anderson v. Credit One Bank, Nat'l Assoc., No. 16-cv-3125, 2018 WL 2287329, at *8 (S.D. Cal. May 18, 2018) (quoting Macias v. Excel Bldg. Servs. LLC, 767 F. Supp. 2d 1002, 1007 (N.D. Cal. 2011)).

Section 2 of the FAA makes arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This section "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation and internal quotation marks omitted). "Any doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration." Poublon v. C.H. Robinson Co., 846 F.3d 1251, 1259 (9th Cir. 2017) (quoting Tompkins v. 23andMe, Inc., 840 F.3d 1016, 1022 (9th Cir. 2016)). But "the liberal federal policy regarding the scope of arbitrable issues is inapposite when the question is whether a particular party is bound by the arbitration agreement." Norcia v. Samsung Telecomms. Am., LLC, 845 F.3d 1279, 1291 (9th Cir. 2017) (citations omitted).

**II.    Analysis**

Cervantes and Flores agreed to the 2012 Agreement, which includes the arbitration provision. (Doc. Nos. 14 at 22, 24; 22-1 at 18.) Virissimo agreed to the 2014 Agreement, which includes the same arbitration provision. (Doc. No. 22-1 at 23.) Defendant argues that the arbitration provision is valid and should be enforced, and that the class claims should be dismissed pursuant to Lamps Plus, Inc. v. Varela, 139 S.Ct. 1407 (2019). Plaintiffs argue that the arbitration provision should not be enforced because it is procedurally and substantively unconscionable. (Doc. No. 21.) Plaintiffs further argue that

if the Court compels arbitration, whether the class claims should be dismissed is a question for the arbitrator, and Plaintiffs' California Labor Code Private Attorneys General Act ("PAGA") claims are non-arbitrable and should be stayed pending arbitration.[1] (Id.) After careful consideration of the parties' arguments, the Court concludes that Plaintiffs' class claims should be dismissed and Plaintiffs' remaining claims, including Plaintiffs' PAGA claims, should proceed to arbitration.

### A. Arbitration Agreement

Defendant argues that the parties agreed to a valid and enforceable arbitration agreement, and that agreement encompasses Plaintiffs' claims. (Doc. No. 18-1 at 16–23.) The Court must first determine whether Defendant has met its burden of showing a valid, written agreement to arbitrate. See Ashbey, 785 F.3d at 1323. Each Plaintiff agreed to be bound by the arbitration provision—Cervantes and Flores by agreeing to the 2012 Agreement, and Virissimo by agreeing to 2014 Agreement. (Doc. No. 18-3 at 20, 22–24 22-1; 22-1 at 18.) Federal courts apply state contract law to determine whether a party agreed to arbitrate a dispute. First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1121 (9th Cir. 2008). The parties agree that California law applies. (See Doc. Nos. 18-1; 21.) The essential elements of a contract under California law are that the parties are capable of contracting, the parties' consent, a lawful object, and sufficient cause or consideration. Cal. Civ. Code § 1550. Here, there is no dispute that these elements are met.

///

---

[1] Plaintiffs also initially argued that Defendant failed to show that Cervantes and Flores agreed to any arbitration provision because Defendant only attached the 2014 Agreement to its motion, not the 2012 Agreement, which was the version that Cervantes and Flores agreed to when they began their positions as distributors. (Doc. No. 21.) Defendant then attached the 2012 Agreement to its reply, showing that the arbitration provision of the 2012 Agreement is identical to that of the 2014 Agreement. (Doc. No. 22.) Accordingly, with the Court's leave, Plaintiffs filed a sur-reply in which they argue that the Court should refuse to consider the 2012 Agreement because it was not submitted with the original motion. (Doc. No. 26.) The Court will consider the 2012 Agreement because it is identical to the 2014 Agreement, which was submitted with Defendant's motion, and Plaintiffs have now had opportunity to respond to the 2012 Agreement.

Plaintiffs argue that the arbitration provision is invalid because it is procedurally and substantively unconscionable. (Doc. No. 21 at 13–18.) Under California law, the party attacking the arbitration agreement as unconscionable bears the burden of proof. Sanchez v. Valencia Holding Co., LLC, 61 Cal.4th 899, 911 (2015). To succeed, a party must show that the arbitration agreement is both procedurally and substantively unconscionable. Tompkins, 840 F.3d at 1023; see Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). Plaintiffs argue that the arbitration provision is procedurally unconscionable because it was a contract of adhesion, and the provision was on the last page of the Agreement, did not explicitly state that it waived right to a jury trial, is not referenced on the acknowledgment page. (Doc. No. 21 at 14–15.) "Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 922 (9th Cir. 2013) (citations omitted). Oppression "arises from an inequality in bargaining power which results in no real negotiation and an absence of meaningful choice." Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519 (1997). "Surprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party." Chavarria, 733 F.3d at 922 (citation omitted).

The Court concludes that the arbitration provision is not procedurally unconscionable because it was neither oppressive or surprising. Plaintiffs had a meaningful choice as to whether they entered into the Agreement with Defendant, choosing to sign and become distributors for Defendant. Plaintiffs also were given the opportunity to enter the 2018 Agreement, but refused, continuing to operate as independent contractors under the prior Agreements. (Doc. Nos. 21-6, Cervantes Decl. ¶ 5; 21-7, Flores Decl. ¶ 5; 21-8, Virissimo Decl. ¶ 5.) Even assuming some level of oppressiveness, any procedural unconscionability is minimal because there was no surprise. The arbitration provision was in the same size text as the rest of the document, in a separate paragraph that is clearly labeled in bold "Dispute Resolution Clause." (Doc. Nos. 18-3 at 20; 22-1 at 18.) "Dispute

Resolution" is listed in the Table of Contents as being on the last page of the 13-page document. (Doc. Nos. 18-3 at 9; 22-1 at 7.) The arbitration provision was not surprising because it was not buried in fine print, but instead was in its own section, with a bolded, clear label. See Kilgore v. KeyBank, Nat. Ass'n, 718 F.3d 1052, 1059 (9th Cir. 2013). The arbitration agreement "was not obtained by a 'stealthy device' such as the burial of the provision near the end of 70 pages of text." O'Donoghue v. Superior Court, 219 Cal. App. 4th 245, 259 (2013), as modified on denial of reh'g (Sept. 27, 2013). Rather, it "was placed in a conspicuous location at the end of a relatively short contract." Id. Finally, Plaintiffs' argument that they do not recall the arbitration provision is unpersuasive because Plaintiffs had opportunity to review the terms of the Agreement, which they then agreed to. See Paxton v. Macy's W. Stores, Inc., No. 118CV00132LJOSKO, 2018 WL 4297763, at *7 (E.D. Cal. Sept. 7, 2018).

Plaintiffs argue that the arbitration provision is substantively unconscionable because it is vague and ambiguous in that it does not state which rules apply to the arbitration and does not provide the details necessary for an employment take-it-or-leave-it arbitration agreement. (Doc. No. 21 at 15–18.) "A contract is substantively unconscionable when it is unjustifiably one-sided to such an extent that it 'shocks the conscience.'" Chavarria, 733 F.3d at 923 (citations omitted). A mandatory employment arbitration agreement is not unconscionable if it "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." Armendariz, 24 Cal. 4th at 102 (citation omitted). Here, the Agreement states that the arbitration must be conducted "with an American Arbitration Association Office in a city nearest the territory of the Voortman Consignee/Distributor," (Doc. No. 22-1 at 18), which indicates that the American Arbitration Association ("AAA") rules apply. "Under California law, parties to an agreement may incorporate by reference into their contract the terms of some other

document." <u>Collins v. Diamond Pet Food Processors of California</u>, LLC, No. 2:13-CV-00113-MCE, 2013 WL 1791926, at *5 (E.D. Cal. Apr. 26, 2013) (citing <u>Wolschlager v. Fid. Nat. Title Ins. Co.</u>, 111 Cal. App. 4th 784, 790 (2003)). The parties' Agreement incorporates by reference the AAA rules. Courts generally recognize the AAA rules as being "neutral and fair." <u>Id.</u> (quoting <u>Lagatree v. Luce, Forward, Hamilton & Scripps</u>, 74 Cal. App. 4th 1105, 1126–27 (1999)). "Numerous courts have concluded that incorporation of the AAA rules by reference into an otherwise valid arbitration agreement does not render such an agreement procedurally unconscionable." <u>Id.</u> (listing cases). All versions of the AAA rules provide for a neutral arbitrator, sufficient discovery, and a written decision. <u>Asfaw v. Lowe's HIW, Inc.</u>, No. LA CV14-00697 JAK, 2014 WL 1928612, at *8 (C.D. Cal. May 13, 2014).

Plaintiffs argue that the AAA Commercial and Labor Rules are substantively unconscionable because the initial filing fees are unreasonable. (Doc. No. 21 at 16–17.) However, Plaintiffs fail to sufficiently show that the applicable initial filing fee is unreasonable. Plaintiffs state that the initial filing fee is $7,700, which is based on the claims being worth between $1,000,000 and $10,000,000. (Doc. No. 21-1, Schulte Decl. ¶ 8.) Plaintiffs fail to show how they arrived at this range. Plaintiffs' complaint does not allege the amount of damages. (<u>See</u> Doc. No. 14.) Plaintiffs may be including in this number the class claims from the complaint, not just the individual Plaintiffs' claims. Defendants show that an arguably more reasonable estimate of Plaintiffs' damages corresponds to an initial filing fee that approximates filing fees in this Court and San Diego Superior Court. (Doc. No. 22 at 8–9.) The arbitration provision is not substantively unconscionable because it indicates that the AAA rules apply and such rules are sufficient under <u>Armendariz</u>. Therefore, the Court concludes the arbitration provision is valid and enforceable because Plaintiffs have failed to meet their burden of showing procedural and substantive unconscionability.

/ / /

/ / /

Next, the Court turns to whether Plaintiffs' claims are subject to the parties' agreements. See Ashbey, 785 F.3d at 1323. Plaintiffs bring claims against Defendant for violations of California Labor Code §§ 201-204, 221–223, 226, 226.2, 226.7, 510, 2802, and violation of California Business & Professions Code §§ 17200, et seq. (Doc. No. 14.) The claims arise from Defendant's categorization of Plaintiffs as independent contractors rather than as employees. (Id.) The arbitration provision from the 2012 and 2014 Agreements states that "All disputes between Voortman Cookies Limited and the Voortman Consignee/Distributor will be settled by arbitration including any and all disputes relating to this agreement and the enforceability of any or all of its provisions." (Doc. Nos. 18-3 at 20; 22-1 at 18.) Therefore, Plaintiffs' claims fall within the scope of the arbitration provision agreed to by Plaintiffs. Thus, the Court orders the parties to proceed to arbitration because Defendant has met its burden of showing that each Plaintiff is subject to a valid and enforceable arbitration agreement, and that Plaintiffs' claims are subject to that agreement. See Ashbey, 785 F.3d at 1323.

**B.     California Labor Code Private Attorneys General Act Claims**

In addition to other claims, Plaintiffs bring claims for enforcement of the California Labor Code Private Attorneys General Act, Cal. Lab. Code §§ 2698, et seq. ("PAGA"). (Doc. No. 14 ¶¶ 91–95.) Plaintiffs argue that their PAGA claims are non-arbitrable and therefore should be stayed pending arbitration. (Doc. 21 at 19–20.) Defendant does not specifically address Plaintiffs' PAGA claims in either its motion or reply in support of its motion. (See Doc. Nos. 18-1; 22-1.)

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425, 429 (9th Cir. 2015) (quoting Iskanian v. CLS Transportation Los Angeles, LLC, 59 Cal. 4th 348, 360 (2014)). In Iskanian, the California Supreme Court held that pre-dispute agreements to waive PAGA claims are unenforceable under California law. 59 Cal. 4th at 173. The Ninth Circuit has

held that the FAA does not preempt this rule. See Sakkab, 803 F.3d 425, 429 (9th Cir. 2015). However, the Ninth Circuit has also held that "Iskanian does not require that a PAGA claim be pursued in the judicial forum; it holds only that a complete waiver of the right to bring a PAGA claim is invalid." Valdez v. Terminix Int'l Co. Ltd. P'ship, 681 F. App'x 592, 594 (9th Cir. 2017) (unpublished). In Valdez, the Ninth Circuit summarized:

> Sakkab likewise recognized that individual employees may pursue PAGA claims in arbitration. See, e.g., Sakkab, 803 F.3d at 436 ("[T]here is no need to protect absent employees' due process rights in PAGA arbitrations."); id. at 438 ("[W]hether arbitration of representative PAGA actions is likely to 'generate procedural morass' depends, first and foremost, on the procedures the parties select."). We have also upheld district court decisions compelling arbitration of PAGA claims. See, e.g., Wulfe v. Valero Ref. Co.-Cal., 641 Fed. Appx. 758, 760 (9th Cir. 2016) ("The district court did not err in compelling arbitration of Wulfe's [PAGA] claim.").

Id. at 598.

Here, the arbitration provision does not entirely waive the right to bring representative PAGA claims—rather, it requires that such claims be arbitrated. (See Doc. Nos. 18-3 at 20; 22-1 at 18.) Because PAGA claims are eligible for arbitration, the Court must only decide whether Plaintiffs' PAGA claims fall within the scope of the valid and enforceable arbitration provision from the 2012 and 2014 Agreements. See Valdez, 681 F. App'x at 598. The parties mutually agreed that "All disputes between Voortman Cookies Limited and the Voortman Consignee/Distributor will be settled by arbitration including any and all disputes relating to this agreement and the enforceability of any or all of its provisions." (Doc. Nos. 18-3 at 20; 22-1 at 18.) Thus, like Plaintiffs' other claims, Plaintiffs' PAGA claims are covered by the arbitration provision and must proceed to arbitration.

### C. Class Claims

Plaintiffs not only bring California law claims on their own behalf, but also on behalf of a proposed class comprised of all California distributors who were not classified as employees. (See Doc. No. 14.) Defendant argues that the class claims should be dismissed pursuant to Lamps Plus because the Agreement does not permit class-wide arbitration.

(Doc. No. 18-1 at 23–25.) Plaintiffs argue that whether an arbitration agreement permits class-wide arbitration is a question for the arbitrator, not the Court. (Doc. No. 21 at 18–19.)

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986) (citations omitted). "Clear and unmistakable evidence of an agreement to arbitrate arbitrability 'might include . . . a course of conduct demonstrating assent . . . or . . . an express agreement to do so.'" Mohamed v. Uber Techs., Inc., 848 F.3d 1201, 1208 (9th Cir. 2016) (quoting Momot v. Mastro, 652 F.3d 982, 988 (9th Cir. 2011)). In Lamps Plus, the Supreme Court did not address whether the availability of class arbitration is a "question of arbitrability" for the courts, not arbitrators, because the parties there agreed that a court should resolve the issue. 139 S.Ct. at 1417 n. 4.

Thus far, the Ninth Circuit has only addressed the issue in a single unpublished case. See Eshagh v. Terminix Int'l Co., L.P., 588 F. App'x 703, 704 (9th Cir. 2014). In that case, the district court concluded that it, not the arbitrator, should decide the availability of class arbitration and ultimately struck the class claims. Id. The Ninth Circuit affirmed, stating:

> Finally, the district court did not err in striking Eshagh's class claims. Issues that "contracting parties would likely have expected a court to have decided" are considered "gateway questions of arbitrability" for courts, and not arbitrators, to decide. [Momot, 652 F.3d at 987.] The Supreme Court has made it clear that "class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 685, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010); see also Concepcion, 131 S.Ct. at 1750–52 (emphasizing the "fundamental" changes implicated in the shift from bilateral to class-action arbitration).

Id. Other circuits that have addressed the issue have held "that class arbitrability is a gateway issue for courts, not arbitrators, to decide, absent clear and unmistakable language to the contrary." 20/20 Commc'ns, Inc. v. Crawford, No. 18-10260, 2019 WL 3281412, at

*2 (5th Cir. July 22, 2019); see Del Webb Cmtys., Inc. v. Carlson, 817 F.3d 867, 877 (4th Cir. 2016); Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett, 734 F.3d 594, 599 (6th Cir. 2013); Herrington v. Waterstone Mortg. Corp., 907 F.3d 502, 506–07 (7th Cir. 2018); Catamaran Corp. v. Towncrest Pharmacy, 864 F.3d 966, 972 (8th Cir. 2017); JPay, Inc. v. Kobel, 904 F.3d 923, 935–36 (11th Cir. 2018). District courts in the Ninth Circuit have also reached the same conclusion. See Yahoo! Inc. v. Iversen, 836 F.Supp.2d 1007, 1009 (N.D. Cal. 2011); Armenta v. Staffworks, LLC, No. 17-CV-00011-BAS-NLS, 2017 WL 3118778, at *3 (S.D. Cal. July 21, 2017), appeal dismissed, No. 17-56233, 2017 WL 5565261 (9th Cir. Oct. 30, 2017); Guess?, Inc. v. Russell, No. 216CV00780CASASX, 2016 WL 1620119, at *3–*4 (C.D. Cal. Apr. 18, 2016).

Therefore, the Court here concludes that availability of class arbitration is a gateway question of arbitrability presumptively for the Court to decide. There is no evidence here that the parties have "clearly and unmistakably" delegated the question of arbitrability of class claims to the arbitrator rather than the Court. The arbitration provision of the 2012 and 2014 Agreements contains no specific language delegating any question of arbitrability to the arbitrator and does not contain any reference to arbitration rules that do so. See Armenta, LLC, No. 17-CV-00011-BAS-NLS, 2017 WL 3118778, at *4. The parties' conduct does not demonstrate assent to arbitrate whether class arbitration is permitted. See id. Accordingly, it is up to the Court to determine whether the Agreement permits class arbitration.

Based on the Supreme Court's recent decision in Lamps Plus, the Court concludes that class-wide arbitration is not available here. In Lamps Plus, the Supreme Court held that "[c]ourts may not infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis." 139 S.Ct. at 1419 (quotation marks, alterations, and citation omitted). In doing so, the Supreme Court emphasized that it "has held that courts may not infer consent to participate in class arbitration absent an affirmative 'contractual basis for concluding that the party agreed to do so' . . . . Silence is not enough." Id. at 1409 (quoting Stolt-Nielsen, 559 U.S. at 684, 687). Here, the 2012 and 2014 Agreements are silent on

whether class-wide arbitration is permitted. (See Doc. Nos. 18-3 at 20; 22-1 at 18.) Thus, there is no affirmative contractual basis for concluding that the parties agreed to class-wide arbitration. See Lamps Plus, 139 S.Ct. at 1409. The 2018 Agreement goes so far as to prohibit class-wide arbitration, (Doc. No. 18-3 at 5), and arbitration agreements "must be enforced as written," Epic Sys. Corp. v. Lewis, 138 S.Ct. 1612, 1632 (2018). Therefore, class-wide arbitration is not permitted under any version of the Agreement, and the Court dismisses Plaintiffs' class claims.

## CONCLUSION

For the reasons above, the Court grants Defendant's motion to compel arbitration and dismiss Plaintiffs' class claims. The Court orders the parties to proceed with Plaintiffs' non-class claims, including Plaintiffs' PAGA claims, via arbitration in accordance with the terms of the parties' agreements. The Court continues all dates, if any, until the completion of arbitration but reserves the right to dismiss the action if the parties do not diligently pursue their claims before the arbitrator, or for any reason justifying dismissal. The parties are ordered to file a status update with the Court in six (6) months.

**IT IS SO ORDERED.**

DATED: July 29, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT